# EXHIBIT A

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.   CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u> COUNTY, FLORIDA

<u>DEVON SMITH</u>
Plaintiff

Case # _____
Judge _____

vs.
<u>DOMETIC CORPORATION</u>
Defendant

**II.   AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐ $8,000 or less
- ☐ $8,001 - $30,000
- ☐ $30,001- $50,000
- ☐ $50,001- $75,000
- ☐ $75,001 - $100,000
- ☒ over $100,000.00

**III.   TYPE OF CASE**   (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence—other
    - ☐ Business governance
    - ☐ Business torts
    - ☐ Environmental/Toxic tort
    - ☐ Third party indemnification
    - ☐ Construction defect
    - ☐ Mass tort
    - ☐ Negligent security
    - ☐ Nursing home negligence
    - ☐ Premises liability—commercial
    - ☐ Premises liability—residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
    - ☐ Commercial foreclosure
    - ☐ Homestead residential foreclosure
    - ☐ Non-homestead residential foreclosure
    - ☐ Other real property actions
- ☐ Professional malpractice
    - ☐ Malpractice—business
    - ☐ Malpractice—medical
    - ☐ Malpractice—other professional
- ☒ Other
    - ☐ Antitrust/Trade regulation
    - ☐ Business transactions
    - ☐ Constitutional challenge—statute or ordinance
    - ☐ Constitutional challenge—proposed amendment
    - ☐ Corporate trusts
    - ☒ Discrimination—employment or other
    - ☐ Insurance claims
    - ☐ Intellectual property
    - ☐ Libel/Slander
    - ☐ Shareholder derivative action
    - ☐ Securities litigation
    - ☐ Trade secrets
    - ☐ Trust litigation

**COUNTY CIVIL**

- ☐ Small Claims up to $8,000
- ☐ Civil
- ☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV. REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V. NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

   <u>3</u>

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

**IX. DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
☐ yes
☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Alberto Naranjo</u>      Fla. Bar # <u>92923</u>
        Attorney or party      (Bar # if attorney)

<u>Alberto Naranjo</u>      <u>08/08/2024</u>
(type or print name)      Date

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

Case No.

DEVON SMITH,

    Plaintiff,

vs.

DOMETIC CORPORATION,

    Defendant.

_____/

## COMPLAINT

1. DEVON SMITH ("Plaintiff") brings this action against DOMETIC CORPORATION ("Defendant") alleging as follows:

### JURY DEMAND

2. Plaintiff demands a trial by jury on all claims properly triable by a jury.

### PARTIES, VENUE, AND JURISDICTION

3. Plaintiff was at all relevant times hereto employed by Defendant. Plaintiff is over the age of 18 and is otherwise *sui juris*.

4. Defendant is an employer within Broward County, which at all relevant times hereto violated Plaintiff's employment rights under the Florida Civil Rights Act (FCRA), Title VII of the Civil Rights Act (Title VII), and/or violation of 42 U.S.C. § 1981 ("Section 1981"). Defendant is otherwise *sui juris*.

5. Venue is proper in Broward County because Defendant employed Plaintiff in the county and because the causes of action otherwise occurred in the County.

6. Venue is also proper in that Plaintiff and/or Defendant ("Parties") reside in this district, in that a substantial part of the events or omissions giving rise to the claim occurred in this district, and in that the Parties are subject to personal jurisdiction in this district with respect to this action, and/or there is no other district in which the action may otherwise be brought.

7. All conditions precedent to the bringing of this action have occurred or been performed, i.e., a Charge of Discrimination was filed, a Right to Sue Letter issued, and a lawsuit filed before the expiration of the Right to Sue letter from the EEOC.

8. This Court has jurisdiction over this action pursuant as well as supplemental jurisdiction over Plaintiff's related claims arising under federal, state, and/or local laws.

## COUNT 1
## EEOC Retaliation

9. Plaintiff repeats and realleges paragraphs 1 through 8 as if fully set forth herein.

10. At all relevant times, Plaintiff was an employee of Defendant.

11. At all relevant times, Plaintiff was and was qualified to work for Defendants.

12. At all times material hereto, Defendant failed to comply with the law, which provides, in relevant part, the employer may not take any retaliatory personnel action against an employee because the employee performed a protected activity and/or had a good-faith, objectionably reasonable belief for performing such protected activity.

13. Plaintiff started working for Defendant on March 1, 2021, and was terminated on May 4, 2023.

14. Plaintiff was first hired as a Boat Brazer but later moved to build A/C units, boats, and ships.

15. Plaintiff engaged in protected activity less than 3 months before his termination.

16. In March 2023, the Plaintiff complained directly to Emily LNU [Manager], Jessica Perez [Human Resources], David [Manager], and Raul [Supervisor] regarding workplace discrimination and unequal pay among people of different races and colors.

17. It's telling that Plaintiff was terminated on May 4, 2023, about 2 months after Plaintiff complained about discrimination and/or violation of the law.

18. Defendant's reason for termination was false and truly based on retaliation. Although the Plaintiff was told there was no more work available, he was replaced by someone outside his protected category.

19. The causal link between Plaintiff's protected activity and Defendant's actions by and through its employees; caused Defendant's harassment, discrimination, and/or termination, adverse employment actions; led to a pattern, practice, and/or policy of illegal employment action; misconduct which is so regular as to become a de facto policy; failure to enforce any policy against such illegal activity; failure to follow Defendant's own employment policies; and/or Defendant took these adverse employment actions in substantial part because of Plaintiff's protected category.

20. Defendant did not act in good faith, nor did they have an objective, reasonable ground to believe that their action did not violate the law.

21. As a direct and proximate result of the aforementioned acts, the Plaintiff has suffered damages, including wages in the past, present, and future, as well as compensatory damages, etc.

22. Defendant's actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress. The wrongs done by Defendant were aggravated by the kind of willfulness, wantonness, and malice for which the law allows the

imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

23. Defendant's actions and conduct as described herein and the resulting damage and loss to Plaintiff have necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

24. Plaintiff hereby requests a jury trial.

25. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); injunctive relief, order Defendant from refraining from such action in the future, to attend mandatory training, to have a third party administer claims of discrimination/retaliation, to have Defendant develop and implement new anti-discrimination/retaliation policies and procedures and/or from disallowing Defendant's employees responsible for the actions against Plaintiff to return to Defendant property or work for Defendant; award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

**COUNT 2**
**Discrimination - Race**

26. Plaintiff repeats and realleges paragraphs 1 through 8 as if fully set forth herein.

27. At all relevant times, Plaintiff was an employee of Defendant.

28. At all relevant times, Plaintiff was and was qualified to work for Defendants.

29. Plaintiff started working for Defendant on March 1, 2021, and was terminated on May 4, 2023.

30. Plaintiff was first hired as a Boat Brazer but later moved to build A/C units, boats, and ships.

31. Plaintiff's protected category is his Race, Black.

32. Plaintiff's employment terms were controlled and/or influenced by Jessica Perez [Human Resources] (White Hispanic), David [Manager] (White Hispanic), Emily LNU (White), and Raul [Supervisor] (White Hispanic), who were all outside of Plaintiff's protected category, and which led to Plaintiff being discriminated against and/or harassed and/or terminated in violation of the law.

33. Plaintiff was being underpaid due to his race as compared to White Hispanic Employees.

34. It is telling that Plaintiff was replaced by a White Hispanic employee who was transferred into Plaintiff's position due to fighting with other employees in another department.

35. Defendant's reason for termination is pretextual, as Plaintiff was terminated because there was no more work in the A/C department, yet was rimmediality replaced.

36. The Plaintiff's protected category was the motivating factor for termination, as there was no other reason for such action.

37. The causal link between Plaintiff's protected category and Defendant's actions by and through its employees; caused Defendant's harassment, discrimination, and/or termination, adverse employment actions; lead to a pattern, practice, and/or policy of illegal employment action; misconduct which is so regular as to become a de facto policy; failure to enforce any policy against such illegal activity; failure to follow Defendant's own employment policies;

and/or Defendant took these adverse employment actions in substantial part because of Plaintiff's protected category.

38. Defendant did not act in good faith, nor did they have an objective, reasonable ground to believe that their action did not violate the law.

39. As a direct and proximate result of the aforementioned acts, the Plaintiff has suffered damages, including wages in the past, present, and future, as well as compensatory damages, etc.

40. Defendant's actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress. The wrongs done by Defendant were aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

41. Defendant's actions and conduct as described herein and the resulting damage and loss to Plaintiff have necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

42. Plaintiff hereby requests a jury trial.

43. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); injunctive relief, order Defendant

from refraining from such action in the future, to attend mandatory training, to have a third party administer claims of discrimination/retaliation, to have Defendant develop and implement new anti-discrimination/retaliation policies and procedures and/or from disallowing Defendant's employees responsible for the actions against Plaintiff to return to Defendant property or work for Defendant; award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

## COUNT 3
### Discrimination - Color

44. Plaintiff repeats and realleges paragraphs 1 through 8 as if fully set forth herein.
45. At all relevant times, Plaintiff was an employee of Defendant.
46. At all relevant times, Plaintiff was and was qualified to work for Defendants.
47. Plaintiff started working for Defendant on March 1, 2021, and was terminated on May 4, 2023.
48. Plaintiff was first hired as a Boat Brazer but later moved to build A/C units, boats, and ships.
49. Plaintiff's protected category is his Color, Black.
50. Plaintiff's employment terms were controlled and/or influenced by Jessica Perez [Human Resources] (White Hispanic), David [Manager] (White Hispanic), Emily LNU (White Hispanic), and Raul [Supervisor] (White Hispanic), who were all outside of Plaintiff's protected category, and which led to Plaintiff being discriminated against and/or harassed and/or terminated in violation of the law.
51. Plaintiff was being underpaid due to his race as compared to White Hispanic Employees.

52. It is telling that Plaintiff was replaced by a White Hispanic employee who was transferred into Plaintiff's position due to fighting with other employees in another department.

53. Defendant's reason for termination is pretextual, as Plaintiff was terminated because there was no more work in the A/C department, yet was rimmediality replaced.

54. The Plaintiff's protected category was the motivating factor for termination, as there was no other reason for such action.

55. The causal link between Plaintiff's protected category and Defendant's actions by and through its employees; caused Defendant's harassment, discrimination, and/or termination, adverse employment actions; lead to a pattern, practice, and/or policy of illegal employment action; misconduct which is so regular as to become a de facto policy; failure to enforce any policy against such illegal activity; failure to follow Defendant's own employment policies; and/or Defendant took these adverse employment actions in substantial part because of Plaintiff's protected category.

56. Defendant did not act in good faith, nor did they have an objective, reasonable ground to believe that their action did not violate the law.

57. As a direct and proximate result of the aforementioned acts, the Plaintiff has suffered damages, including wages in the past, present, and future, as well as compensatory damages, etc.

58. Defendant's actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress. The wrongs done by Defendant were aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to

be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

59. Defendant's actions and conduct as described herein and the resulting damage and loss to Plaintiff have necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

60. Plaintiff hereby requests a jury trial.

61. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); injunctive relief, order Defendant from refraining from such action in the future, to attend mandatory training, to have a third party administer claims of discrimination/retaliation, to have Defendant develop and implement new anti-discrimination/retaliation policies and procedures and/or from disallowing Defendant's employees responsible for the actions against Plaintiff to return to Defendant property or work for Defendant; award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

A. Accept jurisdiction over this matter;

B. Award Plaintiff for past and future loss of wages and benefits, plus interest;

C. Award Plaintiff compensatory and punitive damages;

D. Order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits);

E. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and

F. Grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

Respectfully submitted,

/s/Alberto Naranjo
AN Law Firm, P.A.
7900 Oak Lane #400
Miami Lakes, FL 33016-5888
United States
Office: 305-942-8070
Email: an@anlawfirm.com
Counsel for Plaintiff

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

**DEVON SMITH**

    Plaintiff,

vs.                                                                CASE NO.: CACE-24-011287

**DOMETIC CORPORATION**

    Defendant.

## SUMMONS IN A CIVIL CASE

**TO: DOMETIC CORPORATION**, through its Registered Agent:

C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY:

Alberto Naranjo
AN Law Firm, P.A.
7900 Oak Ln # 400 AN Law
Miami Lakes, FL 33016

an answer to the complaint, which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

AUG 12 2024

_____  _____
CLERK                        DATE

_____
(BY) DEPUTY CLERK

BRENDA D. FORMAN

**RETURN OF SERVICE**

| State of Florida | County of BROWARD | Circuit Court |

Case Number: CACE24-011287

Plaintiff:
**DEVON SMITH**

vs.

Defendant:
**DOMETIC CORPORATION**


OJF2024018929

For:
ALBERTO NARANJO
AN LAW FIRM PA
7900 OAK LN
#400
MIAMI LAKES, FL 33016

Received by OJF SERVICES, INC. on the 12th day of August, 2024 at 5:18 pm to be served on **DOMETIC CORPORATION C/O CT CORPORATION SYSTEM, ITS REGISTERED AGENT, 1200 SOUTH PINE ISLAND RD, PLANTATION, FL 33324.**

I, ANDREW KARP, do hereby affirm that on the **13th day of August, 2024** at **12:50 pm, I:**

**CORPORATE SERVED:** by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **DONNA MOCH,** who is **EMPLOYEE AT CT CORPORATION SYSTEM,** registered agent for **DOMETIC CORPORATION,** at the address of: **1200 SOUTH PINE ISLAND RD, PLANTATION, FL 33324**, and informed said person of the contents therein, in compliance with either federal or state statutes.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A SPECIAL PROCESS SERVER APPOINTED BY THE SHERIFF, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525. ELECTRONIC SIGNATURES ARE NOW PERMITTED PURSUANT TO FLORIDA STATUTE 48.21. NOTARY ARE NOT REQUIRED PURSUANT TO F.S. 92.525(2).

ANDREW KARP
SPS #260

OJF SERVICES, INC.
13727 S.W. 152nd Street
P.M.B. 354
Miami, FL 33177
(786) 293-5750

Our Job Serial Number: OJF-2024018929

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

**DEVON SMITH**

    **Plaintiff,**

vs.                                                      CASE NO.: CACE-24-011287

**DOMETIC CORPORATION**

    **Defendant.**

## SUMMONS IN A CIVIL CASE

**TO:** DOMETIC CORPORATION, through its Registered Agent:

C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY:

Alberto Naranjo
AN Law Firm, P.A.
7900 Oak Ln # 400 AN Law
Miami Lakes, FL 33016

an answer to the complaint, which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

AUG 12 2024

_____  _____
CLERK                                           DATE

_____
(BY) DEPUTY CLERK



BRENDA D. FORMAN

# RETURN OF SERVICE

| State of Florida | County of BROWARD | Circuit Court |

Case Number: CACE24-011287


OJF2024018929

**Plaintiff:**
**DEVON SMITH**

vs.

**Defendant:**
**DOMETIC CORPORATION**

For:
ALBERTO NARANJO
AN LAW FIRM PA
7900 OAK LN
#400
MIAMI LAKES, FL 33016

Received by OJF SERVICES, INC. on the 12th day of August, 2024 at 5:18 pm to be served on **DOMETIC CORPORATION C/O CT CORPORATION SYSTEM, ITS REGISTERED AGENT, 1200 SOUTH PINE ISLAND RD, PLANTATION, FL 33324**.

I, ANDREW KARP, do hereby affirm that on the **13th day of August, 2024** at **12:50 pm**, I:

**CORPORATE SERVED:** by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **DONNA MOCH,** who is **EMPLOYEE AT CT CORPORATION SYSTEM,** registered agent for **DOMETIC CORPORATION,** at the address of: **1200 SOUTH PINE ISLAND RD, PLANTATION, FL 33324**, and informed said person of the contents therein, in compliance with either federal or state statutes.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A SPECIAL PROCESS SERVER APPOINTED BY THE SHERIFF, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525. ELECTRONIC SIGNATURES ARE NOW PERMITTED PURSUANT TO FLORIDA STATUTE 48.21. NOTARY ARE NOT REQUIRED PURSUANT TO F.S. 92.525(2).

ANDREW KARP
SPS #260

**OJF SERVICES, INC.**
13727 S.W. 152nd Street
P.M.B. 354
Miami, FL 33177
(786) 293-5750

Our Job Serial Number: OJF-2024018929

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

DEVON SMITH

    Plaintiff,

vs.

CASE NO.: CACE-24-011287

DOMETIC CORPORATION

    Defendant.

8-13-24    12:50pm
AK    260

## SUMMONS IN A CIVIL CASE

TO: DOMETIC CORPORATION, through its Registered Agent:

C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY:

Alberto Naranjo
AN Law Firm, P.A.
7900 Oak Ln # 400 AN Law
Miami Lakes, FL 33016

an answer to the complaint, which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

AUG 12 2024

_____    _____
CLERK                     DATE

_____
(BY) DEPUTY CLERK

BRENDA D. FORMAN

18929